UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


GERARDO LUGO CABRERA,                                   Case No. 2:22-cv-00160-MC

       Petitioner,                                              OPINION AND ORDER

   v.

SUSAN WASHBURN,
Superintendent,

       Respondent.
_____

MCSHANE, District Judge.

     Petitioner brings this action for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for sexual abuse and sodomy. Petitioner contends that the trial court violated his federal due process rights by improperly excluding evidence at trial. He further contends that his counsel provided ineffective assistance by failing to obtain a Spanish-language interpreter during attorney-client conversations. Because the Oregon courts rejected Petitioner's claims in decisions that are entitled to deference, Petitioner's request for federal habeas relief is denied.

- 1 -    OPINION AND ORDER

BACKGROUND

In July of 2015, after trial to the court, Petitioner was convicted of four counts of Sexual Abuse in the First Degree, three counts of Sodomy in the Second Degree, three counts of Sexual Abuse in the Second Degree, and one count each of Attempted Sodomy in the First Degree and Sexual Abuse in the Third Degree. Resp't Ex. 101 at 6-11; Resp't Ex. 107 at 140-41. The charged offenses arose from Petitioner's sexual abuse of two teenage boys, JA and KH.

In 1997, when JA was nine years old, JA's family became acquainted with Petitioner through their church. In the fall of 2000, Petitioner moved in with JA's family and lived in JA's room while JA slept on the living room sofa. Resp't Ex. 105 at 177. Shortly after moving in, Petitioner began making sexual advances towards JA; Petitioner fondled his clothed genitals in front of JA, rubbed his clothed genitals against JA, and touched JA's clothed buttocks. Resp't Ex. 105 at 178-181. By the time JA was thirteen years old, Petitioner was sexually abusing JA on a regular basis, and the abuse escalated from fondling JA's unclothed genitals to anal intercourse. Resp't Ex. 105 at 183-93, 196-98, 210-12, 214. The abuse ended in late 2002, when JA disclosed the abuse to his mother. Resp't Ex. 105 at 133-34, 214-15, 217. JA's mother wanted to report Petitioner's abuse to the authorities, but J.A. convinced her not to do so. Resp't Ex. 105 at 134, 144-45, 218.

Twelve years later, in May of 2014, Petitioner accompanied KH, as well as his grandmother and siblings, on a weekend vacation. Resp't Ex. 104 at 157-58. At the time, KH was fourteen years old and Petitioner was forty-two. Resp't 104 at 153-56, 174; Resp't Ex. 106 at 63.

The family spent the night at a motel and KH's grandmother left KH and his siblings in the care of Petitioner for a short time. Resp't Ex. 104 at 159-60. While KH was taking a bath,

Petitioner entered the bathroom, pulled back the shower curtain, and pulled KH out of the bathtub by his wrists. Resp't Ex. 104 at 162-64. Petitioner had pulled his pants down to his ankles and had an erection. Resp't Ex. 104 at 169-72. Petitioner fondled KH's penis, pushed him against the wall, and attempted to have anal sex with him. Resp't Ex. 104 at 163, 165, 168. KH elbowed Petitioner in the face, pushed Petitioner out of the bathroom, and locked the door. Resp't Ex. 104 at 166-69. KH eventually left the bathroom because he was concerned about his siblings, and he sat on a bed until his grandmother returned. Resp't Ex. 104 at 170. KH did not tell his grandmother about the assault at that time. Resp't Ex. 104 at 174-75. Several weeks later, KH disclosed the abuse to his parents and grandmother, and they contacted law enforcement authorities. Resp't Ex. 104 at 178-82. Petitioner was ultimately charged by indictment and arrested. Resp't Ex. 105 at 51.

After JA learned of Petitioner's arrest and the alleged assault of KH, JA reported to law enforcement authorities that Petitioner had sexually abused him between 2000 and 2002. Resp't Ex. 106 at 6, 12-13. Petitioner was charged in a subsequent indictment with offenses related to the abuse of JA.

The charges against Petitioner were consolidated for trial. Petitioner waived his right to jury and proceeded to trial before the court. Resp't Ex. 119. Prior to trial, Petitioner's counsel moved to admit evidence that KH was "on juvenile probation for sex offenses" and was required to undergo sex offender treatment and polygraph examinations. Resp't Ex. 103 at 35. Petitioner's counsel argued that the evidence was admissible to show that that KH "had a motive to make himself look better by being a victim of sex abuse or a sodomy charge." Resp't Ex. 103 at 36, 48. The trial court denied the motion and excluded evidence of KH's sex offense or treatment.

At the conclusion of trial, the trial court found Petitioner guilty of all charges and imposed a sentence of 240 months and 270 days of imprisonment. Resp't Ex. 107 at 140-41, Resp't Exs. 101, 108.

Petitioner appealed and argued that the trial court committed error by excluding evidence that KH was on probation and receiving treatment for sex-related offenses. Resp't Ex. 109. Petitioner argued, in part, that exclusion of the evidence violated his federal due process rights to a fair trial. Resp't Ex. 109 at 20-21. The State responded that Petitioner "failed to preserve any due process claim" and argued only the evidentiary merits of the issue under state law. Resp't Ex. 110 at 5. The Court of Appeals affirmed without opinion, and the Supreme Court denied review. Resp't Exs. 112-13.

Petitioner then sought post-conviction relief (PCR), alleging that his trial counsel was inadequate and ineffective "for failing to ensure petitioner had critical conversations about his case translated into Spanish." Resp't Ex. 115 at 6-7. The PCR court denied relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 133, 140-41.

On January 31, 2022, Petitioner sought federal habeas relief in this action.

## DISCUSSION

Petitioner raises three Grounds for Relief in his Petition. Pet. at 6-7 (ECF No. 2). However, in his supporting brief, Petitioner presents argument in support of only Grounds One and Two. *See generally* Pet'r Brief (ECF No. 25). Upon review of the record, I find that Petitioner fails to sustain his burden to prove entitlement to habeas relief on Ground Three. *See Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (stating that a habeas petitioner bears the

burden of proving the alleged claims); *Davis v. Woodford*, 384 F.3d 628, 637-38 (9th Cir. 2004) (accord).

In Ground One, Petitioner alleges that the trial court violated his due process right to a fair trial by excluding evidence that KH had committed a sex offense and was receiving sex offender treatment. In Ground Two, Petitioner claims that his trial counsel rendered ineffective assistance by failing to obtain the assistance of a Spanish language interpreter when speaking with Petitioner. Respondent maintains that the trial and PCR courts reasonably denied these claims in decisions that are entitled to deference.[1]

A federal court may not grant habeas relief regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority or reaches a different result in a case "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable" manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *see Penry v. Johnson*, 532 U.S. 782, 793 (2001) ("even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that

---

[1] Respondent also argues that Ground One is unexhausted and barred from federal review because Petitioner did not raise this claim before the trial court and could not pursue it on appeal. Regardless of exhaustion, I find that Petitioner is not entitled to relief on the merits of Ground One. *See* 28 U.S.C. § 2254(b)(2) (providing that a habeas petition "may be denied on the merits, notwithstanding the failure of the application to exhaust the remedies available in the courts of the State.").

application is also objectively unreasonable"). To meet this highly deferential standard, a petitioner must demonstrate that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

A. Due Process Claim

Prior to trial, Petitioner moved to admit evidence that KH was on juvenile probation for sexual abuse and receiving treatment for such conduct. The trial court excluded the evidence and explained:

> [T]he question is whether or not these allegations came out of some type of motive of the victim. And the motive has to be logically related. And I'm just not finding that his – that the victim's statements – excuse me, the victim's allegations against the defendant are in any way logically related as motive. His statements that he's made while he was in treatment for – in his sexually related treatment. It just doesn't come to that for me.
>
> Even if I were to decide that it was logically related, it's only minimally logically related, and then we go to the test of the balancing. And based on the reason behind this basically rape-shield evidence rule and the purpose of [Oregon Evidence Code] 412, I can't find that the probative value in any way outweighs the prejudice that would result to this victim and to the State. So I am going to rule that the evidence of the victim's prior sexual behavior shall be excluded from trial pursuant to 412.

Resp't Ex. 103 at 52.

Petitioner maintains that the trial court unreasonably applied clearly established federal law by applying state evidentiary rules in a manner that violated Petitioner's right to a fair trial. *See Chambers v. Mississippi*, 410 U.S. 284, 285 (1973). Petitioner contends that this evidence was relevant to motive. In a somewhat disconnected argument, Petitioner reasons that by falsely claiming to be a victim of Petitioner's sexual abuse, KH "could place himself in a positive light with his treatment professionals and his supervision officer" and "mitigate any difficulties he faced on supervision and in treatment." Pet'r Brief at 13-14. I disagree.

The fact that KH was on probation for a sex offense was not exculpatory evidence and was unrelated to Petitioner or the allegations against him. Petitioner's theory of motive – that KH fabricated the allegations against Petitioner to look "better" or more sympathetic to his probation officer and treatment provider – was entirely speculative and unsupported by any evidence that KH would receive favorable treatment by claiming to be a victim of sexual abuse.

Even if evidence of KH's sex offense and related treatment had some probative value, its exclusion did not affect the fundamental fairness of Petitioner's trial. The State presented compelling evidence of Petitioner's guilt, and at sentencing the court was clear that it did not "believe two words" of Petitioner's testimony and that his testimony was "not believable and didn't make sense." Resp't Ex. 108 at 22. The trial court also expressed surprise that the State did not seek a more severe sentence, because Petitioner was "so far beyond a reasonable doubt guilty of these crimes." *Id.* Given the trial court's findings, Petitioner fails to show a reasonable likelihood that the exclusion of KH's sex offense and treatment had a "substantial and injurious effect or influence in determining" the trial court's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (establishing harmless error standard for claims of trial error asserted on federal habeas review).

The trial court did not unreasonably apply clearly established federal law when it excluded evidence of KH's sex offense and related treatment.

    B.  <u>Ineffective Assistance of Counsel Claim</u>

Petitioner next claims that his trial counsel provided ineffective assistance by failing to obtain a Spanish-language interpreter when he and Petitioner discussed the case. Petitioner contends that he did not understand critical information and concepts and could not make decisions or participate meaningfully in his defense. Petitioner contends that had he adequately

- 7 -    OPINION AND ORDER

understood the consequences of trial, he would have pursued plea negotiations with the State and would not have waived his right to a jury. The PCR court rejected this claim and Petitioner argues that it unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984) in doing so.

To establish a claim for ineffective assistance under *Strickland*, a petitioner must show that 1) "counsel's performance was deficient" and 2) the "deficient performance prejudiced the defense." 466 U.S. at 687. To establish deficiency and prejudice, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" to *Id.* at 688, 694. Unless a petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The PCR court found no deficiency on the part of counsel, because Petitioner could speak and understand English and understood the consequences of waiving a jury trial and rejecting plea negotiations. Resp't Ex. 133 at 3. These are factual findings to which this Court must defer, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). The evidence of record supports the PCR court's findings. During Petitioner's PCR proceeding, three witnesses – including the prosecutor in his case, his trial counsel, and a Spanish-speaking defense investigator – attested to their observations of Petitioner and his ability to speak and understand the English language. Resp't Exs. 128-130. The defense investigator further asserted that Petitioner refused to consider plea negotiations and made the decision to testify at trial, leading counsel to recommend that Petitioner waive a jury. Resp't Ex. 130. Respondent also introduced audio recordings of Petitioner speaking to KH in English and a 2011 court document in which Petitioner represented that he was "able to read, write, and understand the English

language." Resp. Exs. 128 at 5, 131. Given this evidence, the PCR court reasonably found that Petitioner understood English and that counsel was not deficient by failing to obtain an interpreter when communicating with Petitioner.

In sum, the Oregon courts did not unreasonably apply clearly established federal law when denying Petitioner's claims, and he is not entitled to federal habeas relief.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). IT IS SO ORDERED.

DATED this 25th day of April, 2023.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge